**FILED**
**Aug 06, 2021**
**11:45 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Bob Walls | ) | Docket No. 2019-05-0371 |
| | ) | |
| v. | ) | State File No. 57369-2018 |
| | ) | |
| United Technologies Corp., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard June 24, 2021 |
| Compensation Claims | ) | via Microsoft Teams |
| Dale A. Tipps, Judge | ) | |

---

**Affirmed in Part, Vacated in Part, and Remanded**

---

This case concerns a dispute over medical benefits sought by the employee pursuant to the terms of a court-approved settlement agreement. Two authorized physicians recommended the employee undergo left hip surgery. In response, the employer submitted the claim to its utilization review provider, and the reviewing physician recommended non-certification of the prescribed treatment. These recommendations were appealed to the Medical Director of the Bureau of Workers' Compensation, who agreed with the non-certification recommendations. As a result, the employer denied the employee's claim for additional medical treatment. Following a compensation hearing, the trial court concluded the employer did not rebut the presumption of medical necessity accorded the authorized physicians' surgery recommendations and ordered the employer to authorize the prescribed medical treatment. However, the trial court declined to award the employee any attorney's fees or expenses. The employer has appealed the court's order for medical benefits, and the employee has appealed the court's denial of attorney's fees and expenses. We affirm in part and vacate in part the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin joined. Judge David F. Hensley concurred in part and dissented in part.

D. Russell Thomas and Melinda Brown, Murfreesboro, Tennessee, for the employee-appellant/appellee, Bob Walls

Kyle I. Cannon, Memphis, Tennessee, for the employer-appellee/appellant, United Technologies Corp.

**Factual and Procedural Background**

Bob Walls ("Employee") worked for United Technologies Corp. ("Employer"). In July 2018, Employee suffered work-related injuries to his left shoulder and left hip when he slipped in hydraulic fluid and fell. Employer accepted compensability of the accident and provided workers' compensation benefits, including medical treatment with an authorized physician, Dr. Jeffrey Adams. Approximately four months after the accident, Dr. Adams placed Employee at maximum medical improvement and assigned a permanent medical impairment rating. The parties subsequently settled the claim, and the agreement was approved in March 2019. The settlement agreement provided that Employer would "pay for reasonable and necessary authorized future medical expenses which are directly related to the subject injury" and that "Dr. Adams shall be the designated authorized treating physician for future care (or a panel of physicians shall be provided for future care if Dr. Adams refers Employee for additional treatment)."

Employee subsequently sought additional medical care with Dr. Adams for his left hip. A September 2019 MRI showed a tear of the gluteus medius tendon, and Dr. Adams recommended a surgical repair. Employer submitted the recommendation to its utilization review provider. *See* Tenn. Code Ann. § 50-6-124. As a result, an unsigned November 14, 2019 letter to Dr. Adams from Employer's utilization review vendor stated that "peer reviewer Dr. Reece Polesky reviewed the proposed medical treatment" and concluded that "the clinical findings do not appear to support the medical necessity" of the recommended surgery. Dr. Polesky's peer review report accompanied the letter and included the following statements:

> As per the guidelines, predictors for this type of surgery include abduction power of a grade less than 4 and gait dysfunction. [Employee's] evaluation of October 24, 2019 did not establish the grade or laterality of the noted weakness. There was evidence of contralateral right hip tenderness and the remainder of the findings noted at that time did not specify laterality. Regardless, the weakness was not reported to be less than 4. Additionally, gait dysfunction was not noted. Furthermore, this patient is a 69-year-old individual with advanced osteoarthritis noted in the bilateral hips. This would render him a suboptimal candidate for surgery. Therefore, my recommendation is to NON-CERTIFY the request for Gluteus Medius Tendon Repair Left Hip.

Employee appealed the non-certification to the Medical Director of the Bureau of Workers' Compensation. A December 27, 2019 letter from the Medical Director advised that he had reviewed the medical records as presented, and that "[t]he physician is in agreement with the denial completed . . . on 11-14-2019 regarding the Left Hip Gluteus Medius Repair." The letter additionally stated that "[f]ailure of conservative treatment is not a valid reason to consider surgery where in this case the other [f]indings do not

2

support the treatment as having a reasonable chance of functional improvement or relieving the symptoms when weighed against the risks."

Employee returned to Dr. Adams the following month due to ongoing pain in his left hip. In a January 2020 report, Dr. Adams wrote:

I have once again re-reviewed x-rays as well as the MRI of [Employee's] left hip. Once again, he has very minimal degenerative changes of the hip. His MRI showed a tear of this gluteus medius tendon, which is consistent with his exam findings. He has not responded to two Cortisone injections or a course of formal physical therapy. It has been over a year since his injury and his pain is worsening. I have once again recommended a left hip gluteus medius repair. However, his work comp as well as the TN Department of Labor has denied this even with an appeal letter from me. Therefore, I have recommended a second opinion[.]

The parties agreed that Employee would be seen by Dr. William Kurtz, a board-certified orthopedic surgeon. Employee's testimony that Employer requested him to treat with Dr. Kurtz because of the doctor's expertise in hip injuries was unrefuted. Dr. Kurtz initially saw Employee in April 2020. He reviewed the earlier hip MRI films and noted in his report that Employee "had a pretty obvious gluteus medius tear in [his] left hip," adding that Employee "did not have any arthritis in that left hip." Addressing the MRI report, Dr. Kurtz wrote that the "MRI report did say moderate arthritis, but [Employee] had no subchondral edema and no signs of arthritis to speak of in that right hip." Dr. Kurtz concluded that although "[t]his was just a second opinion, . . . I do think hip abductor tendon repair by Dr. Adams or whomever is warranted in this case and specifically I do not think that he has hip arthritis."

Employee returned to Dr. Kurtz on May 18, 2020, and Dr. Kurtz again recommended surgery. Employer submitted Dr. Kurtz's surgery recommendation to utilization review, and a June 4, 2020 letter to Dr. Kurtz from Employer's utilization review vendor advised that Dr. Polesky had reviewed the proposed medical treatment. As with the November 2019 letter from the utilization review vendor, the June 2020 letter advised that "the clinical findings do not appear to support the medical necessity of [the recommended surgery]." Dr. Polesky's June 2020 peer review report included a clinical history of "[a]dvanced osteoarthritis in bilateral hip joints" and noted that Dr. Kurtz had reported that "the MRI does not really show any hip arthritis." Noting Dr. Kurtz's statement "is not consistent with the radiologist's impression in the . . . MRI report," which "describe[d] advanced arthritis in the bilateral hip joints," Dr. Polesky suggested Dr. Kurtz "should submit a current x-ray report from a radiologist to clarify the issue." The report concluded that "[g]iven the patient's age, and with the MRI report describing advanced arthritis in the bilateral hip joints, the patient would be a suboptimal candidate

for the requested procedure." Dr. Polesky's recommendation was "to NON-CERTIFY" Dr. Kurtz's recommendation for the left hip surgery.

The June 2020 utilization review decision was appealed. A July 2020 letter signed by both the Medical Director and the Assistant Medical Director stated that "[t]he physician who signed below . . . has reviewed the medical records as presented," and that "[t]he physician is in agreement with the denial" regarding the recommended surgery. Thereafter, Employee filed a petition with the Bureau requesting medical benefits, attorney's fees, and expenses. Dr. Kurtz was deposed and, subsequently, the trial court conducted an evidentiary hearing to determine whether it was appropriate to order Employer to provide the recommended treatment and whether it was appropriate to award Employee attorney's fees and expenses.

In its compensation hearing order, the trial court noted that the parties agreed Dr. Adams and Dr. Kurtz were authorized treating physicians. As a result, the court concluded their surgical recommendations were presumed medically necessary as provided in Tennessee Code Annotated section 50-6-204(a)(3)(H). Addressing the burden of proof necessary to rebut this presumption, the court concluded Employer "need only rebut the medical necessity of Dr. Adams's and Dr. Kurtz's recommendations by a preponderance of the evidence." Addressing the information available to these doctors and to the peer reviewer, Dr. Polesky, as well as "other factors in *Orman* [*v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991)]," the court found Dr. Polesky's opinions "to be less persuasive than those of the authorized medical providers." When the opinions of Dr. Adams and Dr. Kurtz were considered "in conjunction with the lay testimony of the employee," the court determined that Employer "has not rebutted the presumption of medical necessity attached to Dr. Adams's and Dr. Kurtz's recommended surgery by a preponderance of the evidence."

Addressing Employee's request for attorney's fees and expenses, the court focused on an employer's statutory right to submit prescribed medical treatment to utilization review. Reasoning that Employer had "properly followed these procedures and made its decision to deny [Employee's] surgery based on the recommendations of the [utilization reviewer] and later Medical Director decisions," the court determined Employer's actions were "reasonable" and it would be inappropriate to "sanction" the employer by awarding Employee attorney's fees and expenses. Employer has appealed the court's award of medical benefits, and Employee has appealed the court's denial of attorney's fees and expenses.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). When the trial judge has had the

4

opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

## Analysis

Each party raises a single issue on appeal. Employer contends the trial court erred in determining Employer failed to rebut by a preponderance of the evidence the presumption of medical necessity applicable to Drs. Adams's and Kurtz's recommendations for left hip surgery. Employee contends the trial court erred in denying his request for an award of reasonable attorney's fees and expenses.

### *Award of Medical Benefits*

Tennessee Code Annotated section 50-6-204(a)(3)(H) provides that "[a]ny treatment recommended by a physician or chiropractor selected pursuant to [section 50-6-204(a)(3)] or by referral, if applicable, shall be presumed to be medically necessary for treatment of the injured employee." Tenn. Code Ann. § 50-6-204(a)(3)(H). In this case, it is undisputed that the presumption of medical necessity applied to the surgical recommendations of the authorized physicians, and the burden fell to Employer to rebut the presumption by a preponderance of the evidence. Employer asserts it rebutted this presumption of correctness through evidence obtained during the utilization review process. We disagree.

The utilization review process as set out in Tennessee Code Annotated section 50-6-124 provides employers a mechanism to assess the medical necessity of prescribed medical treatment. *See* Tenn. Comp. R. & Regs. 0800-02-06-.02(20). Utilization review is deemed mandatory in certain situations, including when an employer "disagrees with the Authorized Treating Physician about the medical necessity of a recommended treatment." Tenn. Comp. R. & Regs. 0800-02-06-.06(1). The applicable rules also provide a mechanism for the administrative appeal of a utilization review determination. *See* Tenn. Comp. R. & Regs. 0800-02-06-.07.

5

In cases where there is a court-approved settlement or judgment, Tennessee Code Annotated section 50-6-204(g)(2)(A) authorizes parties involved in a dispute regarding the provision of medical benefits to request mediation and, if necessary, seek a hearing before a workers' compensation judge to determine whether prescribed medical treatment is reasonably necessary to treat the work injury. In the present case, a workers' compensation judge approved the parties' settlement agreement, which included a provision for reasonable and necessary future medical benefits. The settlement agreement noted that Dr. Adams had provided medical care for Employee's injuries, which were described as "a rotator cuff tear of the left shoulder . . . and trochanteric bursitis of the left hip." In these circumstances, a trial court is not bound by the determination of the utilization review physician or the Bureau's Medical Director but is charged with conducting a de novo review to determine whether Employer rebutted the presumption that the prescribed medical treatment is reasonably necessary to treat the work injury. *Shelton v. Joseph Constr. Co.*, No. M2014-01743-SC-R3-WC, 2015 Tenn. LEXIS 467, at *18 (Tenn. Workers' Comp. Panel June 3, 2015) (the trial court granted "undue deference to the utilization review agent's determination, rather than looking at the evidence anew, which is what is required by a de novo standard").

Employer insists it rebutted the presumption of medical necessity for the recommended surgery by presenting expert medical proof "from three (3) separate independent and disinterested physicians who each opined that the Employee's left hip surgery was not medically necessary." The trial court stated that "the primary evidence presented for rebuttal [of the statutory presumption of medical necessity] is the conflicting opinion of Dr. Polesky." In assessing the weight of the expert proof, the court noted that Drs. Adams and Kurtz examined Employee on multiple occasions and formulated their recommendations for surgery based on their clinical and diagnostic findings. In contrast, as discussed by the trial court, Dr. Polesky never examined Employee and based his opinions on a review of the medical records. In addition, the court noted that Drs. Adams and Kurtz reviewed the MRI films and interpreted the images themselves as compared to Dr. Polesky, who "only reviewed the radiology report and did not review the actual [films]." This is important, according to the trial court, "because Dr. Polesky's primary objection to the surgery is based on the MRI report saying that [Employee] suffers from advanced arthritis in the hip." The court emphasized that the authorized treating doctors reviewed the MRI images and concluded the images did not show significant arthritis. After consideration of the information relied on by these experts, the court concluded Dr. Polesky's opinions were "less persuasive than those of the authorized medical providers." We agree.

We also note that Dr. Polesky's opinions, which were obtained as part of the utilization review process, do not directly address the issue of medical necessity.[1] In his

---

[1] The letters of Employer's utilization review vendor, HDi Health Direct, Inc., which accompanied Dr. Polesky's peer review reports, gave notice "that clinical findings do not appear to support the medical

November 2019 report, Dr. Polesky noted that the predictors for the type of surgery Dr. Adams recommended were not established in Dr. Adams's October 2019 report. Further, Dr. Polesky stated that, with the exception of "evidence of contralateral right hip tenderness," the remainder of the findings "did not specify laterality." In addition, he wrote that Employee is 69 years old "with advanced osteoarthritis noted in the bilateral hips." Finally, Dr. Polesky's report concluded, "[t]his would render [Employee] a suboptimal candidate for surgery." Whether Employee is a "suboptimal" candidate for surgery was not the issue presented to the trial court, and Dr. Polesky's recommendation to "non-certify" the surgery is, at best, circumstantial evidence that Dr. Polesky believed the recommended surgery is not medically necessary to treat the work injury.[2]

Turning to the letters signed by the Bureau's Medical Director and Assistant Medical Director, we note these letters were not generated for this contested litigation; rather, they were prepared in connection with appeals of the "non-certification" of the recommended surgery as part of the utilization review process. Tenn. Comp. R. & Regs. 0800-02-06-.07(2)(a) provides that, in circumstances where an employer's utilization review determination is appealed, "[t]he Bureau . . . shall determine the medical necessity of the recommended treatment as soon as practicable after receipt of all necessary information." Tenn. Comp. R. & Regs. 0800-02-06-.07(6) provides that any party who "disagrees with a determination of the Medical Director's recommended or denied treatment . . . may file a Petition for Benefit Determination (PBD) with the Court of Workers' Compensation Claims . . . to request a hearing of the dispute in accordance with applicable statutory provisions." While the letters from the Bureau's Medical Director and Assistant Medical Director expressed agreement with the utilization review "non-certification," neither the Medical Director nor the Assistant Medical Director expressed an independent opinion regarding whether the recommended treatment was "medically necessary."

Finally, in addition to the medical records and deposition testimony, the trial court considered Employee's testimony and concluded he testified credibly regarding his physical condition and limitations. According to the trial court, Employee's testimony "supports the necessity of the recommended surgery." Considering the totality of the expert and lay evidence, we conclude the preponderance of the evidence supports the trial court's determination that Employer failed to rebut the presumption of medical necessity accorded the opinions of the authorized physicians.

---

necessity of the treatment." However, these unsigned letters do not state or indicate who determined or opined that the findings "do not appear to support the medical necessity of the treatment." Instead, the letters refer to "the enclosed report" of Dr. Polesky.

[2] Dr. Polesky's May 2020 peer review report also did not directly address the medical necessity of the recommended treatment, but again made a recommendation to "non-certify."

Employee contends the trial court erred in failing to award attorney's fees incurred in connection with his obtaining the medical treatment Employer had denied. This case requires us to consider the meaning of Tennessee Code Annotated section 50-6-226(d)(1). That section describes two circumstances in which a court may award attorney's fees and expenses "in addition to attorneys' fees [otherwise] provided for in this section": (A) when an employer "[f]ails to furnish appropriate medical . . . treatment . . . provided for in a settlement, expedited hearing order, compensation hearing order, or judgment under this chapter"; or (B) when an employer "[w]rongfully denies a claim or wrongfully fails to timely initiate any of the benefits to which the employee or dependent is entitled . . . if the workers' compensation judge makes a finding that the benefits were owed at an expedited hearing or compensation hearing." Tenn. Code Ann. § 50-6-226(d)(1) (2018).

Our dissenting colleague argues that the subparagraphs of section 50-6-226(d)(1) are mutually exclusive and that a party must seek an award of attorney's fees and expenses under a particular subparagraph depending upon whether there is a court order or prior judgment the employee is seeking to enforce. We respectfully disagree. As we read these provisions, an employee seeking attorney's fees under subsection 226(d)(1) can elect to pursue those fees pursuant to any statutory language that applies to the case. Nothing in the text of section 226(d)(1)(A) indicates that an employee's *only* recourse in circumstances where there is a court order or prior judgment is to seek fees and expenses under subparagraph (A); similarly, nothing in the text of subparagraph (B) prevents an employee who seeks to prove that a claim for benefits was "wrongfully denied" from requesting fees and expenses pursuant to that subparagraph, even if there is a prior court order or judgment.[3]

For example, if an employee alleges its employer failed to furnish appropriate medical care as provided for in an expedited hearing order, the employee can pursue an award of attorneys' fees under subparagraph (A). If that same employee, however, believes the Employer "wrongfully denie[d]" his or her claim for additional medical benefits, nothing prevents that employee from seeking an award of attorney's fees under the terms of subparagraph (B), as long as the trial court makes a finding that the benefits were owed at an expedited hearing or compensation hearing. In the present case, both in their briefs on appeal and during oral argument, both parties relied on the language in Tennessee Code Annotated section 50-6-226(d)(1)(B), and we conclude it is necessary to

---

[3] Specifically, section 226(d)(1) allows an employee to seek an award of attorney's fees and expenses "when the employer . . . [w]rongfully denies a claim or wrongfully fails to timely initiate any of the benefits to which the employee or dependent is entitled under this chapter, *including* medical benefits under § 50-6-204." Tenn. Code Ann. § 50-6-226(d)(1)(B) (emphasis added). Nothing in that language suggests that because Employee entered into a prior settlement agreement, he is precluded from seeking to prove Employer wrongfully denied his claim for additional medical benefits.

address whether the trial court erred in declining to award reasonable attorney's fees and expenses pursuant to that language.[4]

In 2018, the General Assembly amended section 50-6-226(d)(1)(B) to define the word "wrongfully" to mean "erroneous, incorrect, or otherwise inconsistent with the law or facts." We previously addressed this amendment in *Andrews v. Yates Services, LLC*, No. 2016-05-0854, 2018 TN Wrk. Comp. App. Bd. LEXIS 22 (Tenn. Workers' Comp. App. Bd. May 8, 2018). In that case, the trial court had concluded that, in considering whether an employer had wrongfully denied a claim in the context of section 226(d)(1)(B), an employee must show "at a minimum," that the employer's denial "lacked good cause." *Id.* at *10. We affirmed the trial court's denial of the employee's request for attorney's fees on other grounds, but we expressly disagreed with the trial court's conclusion that an employee must show a "'lack of good cause' in seeking attorney's fees and expenses for a wrongful denial of a claim." *Id.* Instead, we concluded a trial court need only find that the denial was "erroneous, incorrect, or otherwise inconsistent with the law or facts." *Id.* In other words, the "good faith" or "bad faith" of the employer is not relevant to the determination. Thus, we conclude that to be eligible for an award of reasonable attorney's fees and expenses under section 226(d)(1), an employee must show either that the employer failed to furnish appropriate medical treatment as provided for in a court order, or that the employer was erroneous or incorrect in denying the employee's claim for benefits.

In this case, the trial court described an award of attorney's fees in these circumstances as a "sanction" against the employer. We respectfully disagree. In *Dunn-Lindsey v. Wal-Mart Stores, Inc.*, No. W2002-02742-WC-R3-CV, 2003 Tenn. LEXIS 974 (Tenn. Workers' Comp. Panel Oct. 9, 2003), the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel addressed a case with facts strikingly similar to the present case. There, the employee had entered into a settlement agreement to resolve her claim for workers' compensation benefits. *Id.* at *2. The settlement agreement, which had been approved by the trial court, included a provision for future medical benefits, and the employee later claimed the employer failed to provide reasonable and necessary medical care under the terms of the settlement. *Id.* After obtaining the care at her own expense, the employee asked the trial court for reimbursement of the medical expenses, a "bad faith penalty," her attorney's fees, and costs. *Id.*

---

[4] Our dissenting colleague insists we have determined that the applicable language to be applied in this case is contained in section 226(d)(1)(B). We have not stated and do not intend to state that any particular language of section 226(d)(1) controls the outcome of this case. Instead, we have evaluated the assertions of the parties as presented to us in this appeal and have considered the statutory language on which the parties relied. Respectfully, it is our dissenting colleague who insists that specific language in section 226(d)(1)(A) determines the outcome of this case. Moreover, contrary to the assertion in the dissent, we do not intend to suggest that subsection 226(d)(1)(A) is inapplicable or irrelevant to the analysis. We have instead concluded the trial court should assess the claim for attorney's fees and expenses pursuant to any statutory language that applies.

On appeal, the employer in *Dunn-Lindsey* complained that the amount of the attorney's fee awarded by the trial court exceeded twenty percent of the reimbursable medical expenses, which it asserted violated the statutory limitation on attorney's fees. In interpreting the statutory language authorizing a trial court to award attorney's fees under circumstances where the employer failed to furnish medical benefits pursuant to the terms of a settlement of judgment, the Appeals Panel explained as follows:

> [A] court may award attorney fees and reasonable costs, to include reasonable and necessary court reporter expenses and expert witness fees for depositions and trials incurred when the employer fails to furnish appropriate medical . . . treatment . . . to an employee provided for pursuant to a settlement or judgment under the Act. To limit the additional fee to 20 percent of the recovered medical expenses would make it virtually impossible for the injured worker to obtain the services of an attorney in cases involving a small amount of medical expenses. We conclude therefore that it was not the intention of the General Assembly to impose such limitation.

*Id.* at *7-8 (internal citation omitted).[5] The Appeals Panel then concluded, "[o]ur independent examination of the record fails to disclose any evidence that the fee and expenses of the attorney were not reasonable." *Id.* at *8. We find it significant that the Appeals Panel in *Dunn-Lindsey* addressed the trial court's award of a bad faith penalty *separately* from the employee's claim for attorney's fees.[6] At no point did the Panel state or intimate that the attorney's fee award was a "sanction" or a "penalty."[7]

This interpretation is further supported when considering section 226(d)(1) in conjunction with Tennessee Code Annotated section 50-6-118(d). That subsection, which appears in the "Penalties" section of the Workers' Compensation Law, indicates

---

[5] It is important to note that at the time *Dunn-Lindsey* was decided, the statute did not provide for an award of attorney's fees in circumstances where an employer "wrongfully denies" an employee's claim, as is now provided for in section 50-6-226(d)(1)(B).

[6] In his dissent, our colleague suggests that we failed to consider the fact that the court in *Dunn-Lindsey* addressed the award of attorney's fees separately from the penalty because the awards were made pursuant to different statutes. However, that is precisely our point: penalties are addressed in a different statute. Thus, to characterize an attorney's fee under section 226(d)(1) as a sanction is to ignore the organizational structure of the workers' compensation law. Had the legislature intended an award of attorney's fees to serve as a sanction or penalty, it could have clearly identified it as a penalty, *see, e.g.*, Tenn. Code Ann. § 50-6-205(b)(3), or it could have placed the provision authorizing a trial court to award such fees in the statute addressing penalties. The fact that it did neither supports our position that an award of attorney's fees under section 226(d)(1) is not a sanction or penalty.

[7] The decision of the Special Workers' Compensation Appeals Panel in *Dunn-Lindsey* was affirmed and adopted by the full Supreme Court. *See Dunn-Lindsey v. Wal-Mart Stores, Inc.*, No. W2002-02742-WC-R3-CV, 2003 Tenn. LEXIS 979 (Tenn. Oct. 9, 2003).

that when an employer "wrongfully fails" to reimburse medical expenses paid by the employee pursuant to the terms of a settlement or judgment, or fails to provide reasonable and necessary medical benefits "in bad faith" under the terms of a settlement or judgment, a court can assess a penalty equal to twenty-five percent (25%) of the medical expenses. We conclude it is this subsection, not subsection 226(d)(1), that imposes a "penalty" in circumstances where an employer "wrongfully fails" to reimburse medical expenses or refuses to provide medical benefits "in bad faith." We do not interpret an award of attorney's fees under subsection 226(d)(1) as a penalty or a sanction.

Next, Employer argues that an award of attorney's fees and expenses is not appropriate in circumstances where it relied on statutory provisions authorizing utilization review, its utilization review provider recommended "decertification" of the prescribed treatment, and the Bureau's Medical Director agreed with the utilization review physician's opinion. We conclude such arguments are not persuasive. Tennessee Code Annotated section 50-6-204(a)(1) requires an employer to provide medical benefits "free of charge to the employee . . . as ordered by the attending physician . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1). Treatment prescribed by an authorized physician is "presumed to be medically necessary for treatment of the injured employee." Tenn. Code Ann. § 50-6-204(a)(3)(H). Thus, in circumstances where an authorized treating physician has prescribed treatment, the burden is on the employer to prove the prescribed treatment is not medically necessary or not causally related to a work injury. *See, e.g.*, *Morgan v. Macy's*, No. 2016-08-0270, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *17-18 (Tenn. Workers' Comp. App. Bd. Aug. 31, 2016).

Nothing in the statute relieves an employer of its burden of proof or the consequences of its decision to deny medical treatment merely because it sought utilization review of the prescribed treatment, then relied on the reviewing physician's "decertification" recommendation. The utilization review provider does not deny an employee's request for medical treatment, nor does the Bureau's Medical Director. Ultimately, the decision to approve or deny medical treatment recommended by an authorized physician rests with the employer and, perhaps, its insurer. An employer can choose to authorize treatment even if its utilization review physician recommends "decertification." *See* Tenn. Comp. R. & Regs. 0800-02-06-.06(6)(a). Thus, in circumstances where a court evaluates a claim for attorney's fees and expenses under section 226(d)(1)(B), it is the employer that must accept the consequences of its decision to deny such treatment if that decision turns out to be "erroneous, incorrect, or otherwise inconsistent with the law or facts." If one of those consequences is that it may be ordered to pay reasonable attorney's fees and costs, so be it. That is a risk Employer accepted when it elected to deny treatment recommended by an authorized medical provider.

Finally, our dissenting colleague relies heavily on the General Assembly's use of the word "may" in the first paragraph of section 226(d)(1) ("the court of workers'

11

compensation claims *may* award reasonable attorneys' fees and reasonable costs"), indicating that the decision to award or deny attorney's fees is within the discretion of the trial court. We agree that the use of the word "may" indicates discretion, and we must review the trial court's decision under an abuse-of-discretion standard.[8] However, it is axiomatic that a trial court must exercise its discretion in the context of the plain and ordinary meaning of the statutory language being applied. Here, the trial court's analysis included consideration of factors that we find are not supported by the statutory language.

First, Employee argues on appeal that section 226(d)(1)(B) supports his claim for attorney's fees and expenses. We have previously concluded that the "good cause" of an employer in denying a claim is not relevant to a trial court's analysis of whether the claim for benefits was wrongfully denied. *Andrews*, 2018 TN Wrk. Comp. App. Bd. LEXIS 22, at *10. Rather, an employee satisfies his or her burden of proof under section 226(d)(1)(B) if the employee proves the employer's denial was "erroneous, incorrect, or otherwise inconsistent with the law or facts" at the time the denial decision was made. *Id.* at *12. Thus, the appropriate test is not a "reasonable person" or a "good faith" standard. Instead, the court must conduct an objective analysis as to whether the decision to deny an employee's claim for benefits was incorrect, erroneous, or otherwise inconsistent with the law or facts at the time the employer made the decision. Second, an award of attorney's fees and expenses under section 50-6-226(d)(1) is not a sanction or penalty; instead, it is simply another element of an employee's claim for recovery.

As a result, we are unable to assess whether the trial court abused its discretion because its analysis included consideration of factors not supported by the plain language of section 226(d)(1). We conclude the trial court's decision to deny Employee's claim for reasonable attorney's fees and expenses must be vacated and the case remanded to the trial court to reconsider the issue of attorney's fees and expenses in light of this opinion.

**Conclusion**

For the foregoing reasons, we affirm the trial court's determination that Employer failed to rebut the presumption of correctness accorded the opinions of the authorized physicians, and we affirm the trial court's order for additional medical benefits. We vacate the trial court's decision to deny Employee's claim for attorney's fees and expenses and remand the case for reconsideration of that issue. Costs on appeal are taxed to Employer.

---

[8] A trial court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. *Johnston v. Siskin Steel & Supply Co.*, Nos. 2015-01-0023, 2018-01-0003, 2018-01-0008, 2020 TN Wrk. Comp. App. Bd. LEXIS 23, at *13 (Tenn. Workers' Comp. App. Bd. Mar. 24, 2020), *aff'd and adopted* 2021 Tenn. LEXIS 241 (Tenn. Workers' Comp. Panel Feb. 10, 2021).



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Bob Walls | ) | Docket No. 2019-05-0371 |
| | ) | |
| v. | ) | State File No. 57369-2018 |
| | ) | |
| United Technologies Corp., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard June 24, 2021 |
| Compensation Claims | ) | via Microsoft Teams |
| Dale A. Tipps, Judge | ) | |

---

**Concurring in Part and Dissenting in Part**

---

Hensley, J., concurring in part and dissenting in part.

I concur with the majority's conclusion that the preponderance of the evidence supports the trial court's determination that the employer failed to rebut the presumption of medical necessity accorded the opinions of the authorized physicians. However, I respectfully dissent from the majority's remand of the case for the trial judge to "reconsider the issue of attorney's fees and expenses in light of [its] opinion" because, in my opinion, "the light" the majority places on the statutes addressing attorney's fees and costs introduces a statute not presented to or considered by the trial court and incorrectly interprets the statutes.

The Appeals Board has historically avoided interpreting statutes or provisions not presented to or addressed by the trial judge. *See Henderson v. Pee Dee Country Enter., Inc.*, No. 2020-06-1013, 2021 TN Wrk. Comp. App. Bd. LEXIS 8 (Tenn. Workers' Comp. App. Bd. Mar 8, 2021). In their pre-trial briefs submitted to the trial judge, neither of the parties cited section 50-6-226(d)(1)(B), and the transcript of the trial court proceedings fails to reveal any instance of section 50-6-226(d)(1)(B) being cited to or by the trial judge. Indeed, the trial judge's order granting medical benefits and denying attorney's fees did not address section 50-6-226(d)(1)(B) because the judge determined section 50-6-226(d)(1)(A) was the applicable section. Nonetheless, the majority offers its interpretation of section 50-6-226(d)(1)(B) and its conclusion that the employee can choose whether to pursue attorney's fees under section 50-6-226(d)(1)(A) or 226(d)(1)(B), irrespective that the medical benefits sought by the employee were benefits provided for in a court approved

settlement agreement as contemplated in section 50-6-226(d)(1)(A).[1]  For this reason, I am compelled to express my interpretation of the two statutes at issue and a brief history of their enactment.

The plain language of section 50-6-226(d)(1)(A) provides workers' compensation judges the discretion to award reasonable attorney's fees and reasonable costs when an employer "[f]ails to furnish appropriate medical . . . treatment or care . . . to an employee provided for in a settlement."  A trial judge's discretion to award fees and costs when an employer fails to furnish appropriate medical care provided for in a settlement agreement predates the Workers' Compensation Reform Act of 2013.  In 1997, the General Assembly passed Public Chapter 198, which amended section 50-6-204 by adding a new subdivision (b)(2) as follows:

> In addition to any attorney fees provided for pursuant to the provisions of Section 50-6-226, a court may award attorney fees and reasonable costs to include reasonable and necessary court reporter expenses and expert witness fees for depositions and trials incurred when the employer fails to furnish appropriate medical, surgical and dental treatment or care, medicine, medical and surgical supplies, crutches, artificial members and other apparatus to an employee *provided for pursuant to a settlement agreement* or judgment under this chapter.

Acts 1997, ch. 198 § 1 (emphasis added); *see also* Tenn. Code Ann. § 50-6-204(b)(2) (1998).

The intention of the General Assembly in passing this statute, as evidenced by its plain language, was to allow injured employees to recover the fees and costs incurred in having to *enforce a court order* requiring the payment of the medical care and other benefits identified in the statute.  *Norfleet v. J.W. Goad Constr.*, No. M2001-00425-WC-R3-CV, 2001 Tenn. Lexis 811, at *11 (Tenn. Workers' Comp. Panel Dec. 3, 2001) ("Where an employer refuses to provide reasonably necessary medical benefits, it may be assessed attorney fees and reasonable costs necessary to *enforce a court order* requiring the payment of expenses incurred by the employee for the recovery [of] such expenses."  (Emphasis added.)); s*ee also Grissom v. UPS*, No. M2016-00127-SC-R3-WC, 2017 Tenn. LEXIS 4, at *5 (Tenn. Workers' Comp. Panel Jan. 9, 2017); *Minutella v. Ford Motor Credit Co.*, No. M2008-01920-WC-R3-WC, 2009 Tenn. LEXIS 724, at *16-17 (Tenn. Workers' Comp. Panel Nov. 12, 2009); *Dunn-Lindsey v. Wal-Mart Stores, Inc.*, No. W2002-02742-WC-R3-CV, 2003 Tenn. LEXIS 974, at *7 (Tenn. Workers' Comp. Panel Oct. 9, 2003).  The statute

---

[1] In the employee's pre-trial brief, the employee stated that the Tennessee Workers' Compensation Act provides attorney's fees and expenses for *enforcing* medical treatment, quoting from the 2013 version of the statute giving a court the discretion to award attorney's fees and costs when an employer fails to furnish "appropriate medical [and] surgical . . . treatment or care . . . provided for pursuant to a settlement or judgment."

remained unaltered until the 2013 Workers' Compensation Reform Act when it was moved from section 50-6-204(b) to newly created subsection 50-6-226(d) and modified to provide the court of workers' compensation claims discretion to award attorney's fees and costs:

> In addition to any attorneys' fees provided for in this section, the court of workers' compensation claims may award attorneys' fees and reasonable costs, including reasonable and necessary court reporter expenses and expert witness fees for depositions and trials incurred when the employer fails to furnish appropriate medical, surgical, and dental treatment or care, medicine, medical and surgical supplies, crutches, artificial members and other apparatus to an employee *provided for in a settlement or judgment* under this chapter.

Acts 2013, ch. 289 § 64; Tenn. Code Ann. § 50-6-226(d) (2014) (emphasis added).

As originally enacted, section 50-6-226(d) in the 2013 Act did not include the current subsections 226(d)(1)(A) and 226(d)(1)(B) and was limited to granting the Court of Workers' Compensation Claims the discretion to award attorney's fees and costs when the employer failed to furnish appropriate medical care "provided for in a settlement agreement or judgment." *Id.* As such, the 2013 enactment did not evidence any intention to expand the provisions beyond the statute's original purpose of allowing an injured employee to recover the fees and costs incurred in having to *enforce a court order* requiring the payment of medical and other benefits identified in the statute.

A 2016 amendment modified section 50-6-226(d) by dividing the first sentence, designating the initial part of the sentence as "226(d)(1)," and incorporating the latter part of the sentence as "226(d)(1)(A)." *See* Acts 2016, ch. 1056 § 2. Another 2016 amendment added language in the newly designated section 226(d)(1)(A) to extend the court's discretion to award attorney's fees and costs for an employer's failure to provide benefits beyond those "provided for in a settlement agreement or judgment" to include benefits provided for in an "expedited hearing *order*" or "compensation hearing *order*." Acts 2016, ch. 816 § 6 (emphasis added). Thus, consistent with the original enactment and the statute's incorporation into the 2013 Act, the 2016 amendments continued the statute's purpose of allowing injured employees to recover the fees and costs incurred in having to *enforce an order* requiring the payment of the medical care and other benefits identified in the statute.

The 2016 amendments also added a new section 50-6-226(d)(1)(B) giving the Court of Workers' Compensation Claims the discretion to award fees and costs when the employer

> [w]rongfully denies a claim by filing a timely notice of denial, or fails to timely initiate any of the benefits to which the employee is entitled under this chapter, including medical benefits under Section 50-6-204 or temporary or

3

permanent disability benefits under Section 50-6-207, if the workers' compensation judge makes a finding that such benefits were owed at an expedited hearing or compensation hearing.

Acts 2016, ch. 1056 § 2.[2]

Thus, following the 2016 amendments, section 50-6-226(d)(1)(A) provided the court the discretion to award attorney's fees and costs incurred by an employee *to enforce a settlement agreement, order, or judgment* when an employer fails to furnish benefits provided for in the settlement agreement, order, or judgment. Section 50-6-226(d)(1)(B) provided the court the discretion to award attorney's fees and costs incurred by an employee to obtain workers' compensation benefits where an employer "wrongfully denies a claim by filing a timely notice of denial, or fails to timely initiate any of the benefits to which the employee is entitled under this chapter . . . if a workers' compensation judge makes a finding that such benefits were owed at an expedited hearing or compensation hearing." A critical difference in the two subsections is that subsection 50-6-226(d)(1)(A) allowed an employee to recover fees and costs incurred *to enforce a judgment or order providing for benefits*, and subsection 50-6-226(d)(1)(B) allowed the employee to recover fees and costs incurred in proving his or her entitlement to benefits that a judge determined to be owed at an expedited hearing or compensation hearing.

The plain language of these statutory provisions following the 2016 amendments evidences a distinction between the two subsections 50-6-226(d)(1)(A) and 226(d)(1)(B) that lies, in part, in the point in time an employer allegedly fails to provide benefits. In my opinion, section 50-6-226(d)(1)(A) was intended to apply when an employee incurs fees and costs to *enforce a judgment or order* providing for benefits and section 50-6-226(d)(1)(B) was intended to apply when an employee incurs fees and costs to obtain benefits to which the employee is entitled when a workers' compensation judge finds that the employer wrongfully denied a claim by filing a timely notice of denial or failed to timely initiate any of the benefits to which the employee is entitled.[3]

In 2018, section 50-6-226(d)(1)(B) was amended to allow a workers' compensation judge to award attorney's fees and costs when an employer:

---

[2] Acts 2016, ch. 1056 § 2 also deleted "any" preceding the first instance of "attorney's fees" and inserted "reasonable" preceding "attorney's fees and reasonable costs."

[3] In the instant case, rather than deny the employee's claim for benefits, the employer accepted the employee's claim, provided medical and other benefits, and reached a settlement agreement with the employee that was court approved. Subsequently, the employer timely provided additional medical care for the employee's hip injury, including agreeing to allow the employee to be seen and treated by a hip specialist, but thereafter denied surgery that was recommended by the authorized doctors only after utilization review twice concluded the surgery was not medically necessary.

> Wrongfully denies a claim or wrongfully fails to timely initiate any of the benefits to which the employee or dependent is entitled under this chapter, including medical benefits under § 50-6-204, temporary or permanent disability benefits under § 50-6-207, or death benefits under § 50-6-210 if the workers' compensation judge makes a finding that the benefits were owed at an expedited hearing or compensation hearing. For purposes of this subdivision (d)(1)(B), "wrongfully" means erroneous, incorrect, or otherwise inconsistent with the law or facts.

Tenn. Code Ann. § 50-6-226(d)(1)(B) (2018); *see* Acts 2018, ch. 757 § 2. The amendment expanded the court's authority to award attorney's fees and costs in cases involving death benefits and defined "wrongfully," but neither the 2016 nor the 2018 amendments to subsection 50-6-226(d)(1)(B) provided for an award of attorney's fees and costs incurred *to enforce an order or judgment* providing for medical care and treatment.

In my opinion, the authority of the Court of Workers' Compensation Claims to award attorney's fees and costs for an employer's failure to furnish appropriate medical benefits provided for in a settlement agreement or court order is provided in section 50-6-226(d)(1)(A), which is the statute the trial judge relied on in the instant case. Section 50-6-226(d)(1)(A) does not state that attorney's fees may be awarded *only* when there is a bad faith denial of medical care, but it provides a workers' compensation judge discretion to award fees and costs. *See Harville v. Emerson Elec. Co.*, No. W2010-01011-WC-R3-WC, 2011 Tenn. LEXIS 611, at *14 (Tenn. Workers' Comp. Panel July 6, 2011). Regardless, in my opinion, the majority should not offer its interpretation of statutory provisions the parties did not rely on in the trial court and that the trial judge did not address in the order under review, and then vacate the trial judge's order for the judge to "reconsider the issue . . . in light of" the majority's interpretation of the statute.[4]

---

[4] The majority addresses in detail, *Dunn-Linsey v. Wal-Mart Stores, Inc.*, 2003 Tenn. LEXIS 974, which the majority says involves facts "strikingly similar to the present case." The majority notes the employee in that case requested reimbursement for medical expenses, a "bad faith penalty," attorneys' fees, and costs. The majority found it *significant* that the Appeals Panel in *Dunn-Lindsey* addressed the trial court's award of a bad faith penalty "separately from the employee's claim for attorney's fees" and noted that the Appeals Panel did not "intimate that the attorney's fee award was a sanction or penalty." The reason the Appeals Panel addressed the award of a "bad faith penalty" separately from the attorney's fee award is because the employee requested a "bad faith penalty" under section 50-6-225(l) (2002), which subjects an employer to liability for up to 25% of the medical expenses that an employer "wrongfully fails to reimburse" under a "settlement, judgment or decree" providing for the payment of such expenses. Tenn. Code Ann. § 50-6-225(l) (2002). The "bad faith penalty" at issue in *Dunn-Lindsey* had nothing to do with attorney's fees; accordingly, the Appeals Panel addressed the "bad faith penalty" statute separately from the statute authorizing an award for the attorney's fees and costs incurred by the employee to enforce the parties' settlement agreement. Indeed, the trial court awarded the employee 25% of the medical expenses as a "bad faith penalty" and an additional $11,460 for attorney's fees incurred to enforce the parties' settlement agreement. *See* Tenn. Code Ann. § 50-6-118(d) (2020). In the instant case, the employee did not request a "bad faith penalty" under section 50-6-118(d).

Employee asserts in his brief on appeal that, where there is a court-approved settlement agreement providing for medical benefits, determining the appropriate standard applicable to an award of attorney's fees under section 50-6-226(d)(1)(B) "appears to be a novel question of first impression for the Appeals Board." Indeed, the Appeals Board has not heretofore addressed the application of section 50-6-226(d)(1)(B) to a case in which medical benefits provided for in a court approved settlement agreement have been awarded or denied by the Court of Workers' Compensation Claims. Moreover, the trial judge in this case did not address this "novel question of first impression," as the issue was not presented to the trial judge.

The majority ignores the fact that the parties and the trial judge did not address section 50-6-226(d)(1)(B) prior to this appeal and ignores that the Appeals Board has not heretofore addressed the applicability of section 50-6-226(d)(1)(B) to a claim for attorney's fees based on an employer's failure to authorize medical benefits provided for in a settlement agreement or court order. Nonetheless, the majority has taken the opportunity to interpret section 50-6-226(d)(1)(B) in the context of a claim for benefits provided for in a settlement agreement and has directed the trial court to reconsider the issue in the "light" of its interpretation. In my opinion, even if the majority is of the opinion section 50-6-226(d)(1)(B) is applicable in this case, the Appeals Board should remand the case for the trial court to address that section's applicability without interpreting the statute in the first instance. The majority is, in effect, advising the trial court that section 50-6-226(d)(1)(B) applies, thereby rendering section 50-6-226(d)(1)(A) superfluous and insignificant.

6



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Bob Walls | ) | Docket No. 2019-05-0371 |
| | ) | |
| v. | ) | State File No. 57369-2018 |
| | ) | |
| United Technologies Corp., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard June 24, 2021 |
| Compensation Claims | ) | via Microsoft Teams |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 6th day of August, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Melinda K. Brown<br>Claudia van Hoorne | | | | X | mbrown@melindabrownlaw.com<br>claudia@thethomaslawfirm.com |
| Kyle I. Cannon | | | | X | kcannon@gwtclaw.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov